# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2723

_____

WESLEY F. WHITE,

    Appellant,

    v.

BAKER COUNTY MEDICAL
SERVICES, INC., a Florida Not for
Profit Corporation, d/b/a ED
FRASER MEMORIAL HOSPITAL,
and BAKER COUNTY HOSPITAL
AUTHORITY, a public, not for
profit authority, created by the
Florida Legislature,

    Appellees.

_____

On appeal from the Circuit Court for Baker County.
Sean Brewer, Judge.

July 15, 2026

ROWE, J.

Wesley White appeals the trial court's order dismissing his complaint for mandamus, injunctive, and declaratory relief. White sued under the Public Records Act, chapter 119, Florida Statutes, seeking records from Baker County Medical Services, Inc. (BCMS)

and Baker County Hospital Authority (Hospital Authority). The trial court concluded that BCMS' records were exempt from disclosure under section 395.3036, Florida Statutes. That statute provides an exemption from disclosure for records of a private entity leasing a public hospital or health care facility when certain criteria are met. White argues that the trial court reversibly erred in making this determination because the exemption was not evident from the four corners of the complaint and the attachments to the complaint. We agree and reverse the dismissal of the complaint as to BCMS. But we affirm the trial court's dismissal of the complaint as to the Hospital Authority.[1]

## I.

This case stems from White's public records requests made in late 2023 to early 2024, seeking records from BCMS and the Hospital Authority related to an alleged security breach or ransomware attack involving BCMS. BCMS asserted that it was not a public agency and not otherwise subject to the Public Records Act. The Hospital Authority asserted that in response to White's request, it had provided all records in its possession.

White sued BCMS and the Hospital Authority under the Public Records Act seeking mandamus, injunctive, and declaratory relief. White sought to compel BCMS and the Hospital Authority to provide the requested public records. BCMS moved to dismiss White's complaint for failure to state a cause of action. BCMS maintained that the requested records were exempt from disclosure under section 395.3036. White responded that the

---

[1] White's initial brief raises arguments only as to whether the trial court correctly determined that the records possessed by BCMS were exempt from disclosure. He thus abandoned any argument as to the trial court's dismissal of the complaint against the Hospital Authority. *See Rosier v. State*, 276 So. 3d 403, 406 (Fla. 1st DCA 2019) ("For an appellant to raise an issue properly on appeal, he must raise it in the initial brief. Otherwise, issues not raised in the initial brief are considered waived or abandoned.").

asserted exemption did not apply because the public finance accountability provisions of section 155.40(18), Florida Statutes had not been satisfied. After a hearing, the trial court dismissed White's complaint, concluding that the exemption applied and that BCMS and the Hospital Authority had complied with or met the requirements of sections 155.40(18) and 395.3036. This appeal follows.

## II.

This court reviews de novo an order granting a motion to dismiss. *Johnson v. Jarvis*, 74 So. 3d 168, 170 (Fla. 1st DCA 2011). "The function of a motion to dismiss is to raise as a question of law the sufficiency of the facts alleged to state a cause of action." *Varnes v. Dawkins*, 624 So. 2d 349, 350 (Fla. 1st DCA 1993). "In determining the sufficiency of the complaint, the trial court may not look beyond the four corners of the complaint, consider any affirmative defenses raised by the defendant, nor consider any evidence likely to be produced by either side." *Id.*

## III.

White argues that the trial court erred when it concluded that the records in BCMS' custody were exempt from disclosure. White asserts that his complaint did not allege any facts showing compliance with the public finance accountability provisions in section 155.40(18), a requirement for application of the statutory exemption. And thus, the trial court erred when it looked beyond the four corners of the complaint and its attachments. We agree.

Whether a public records exemption applies is an affirmative defense, and therefore the burden rests with the defendant asserting the exemption. *Staton v. McMillan*, 597 So. 2d 940, 941 (Fla. 1st DCA 1992) (explaining that whether a public records "exemption[] . . . applies . . . is in the nature of an affirmative defense"). White had no burden to draft his complaint to anticipate or negate BCMS' affirmative defense asserting the public records exemption at issue here. *See* § 119.07(1)(e), Fla. Stat. (providing that the person having custody of a public record must state any basis of an exemption and supporting statutory citation); *Livingston v. Am. Title & Ins. Co.*, 133 So. 2d 483, 487 (Fla. 1st DCA 1961) ("Failure to negative every possible affirmative defense

3

does not render a complaint insufficient."). Nothing in the complaint or attached lease agreement conclusively settles whether the exemption applies.

White's complaint alleged violations of Florida's Public Records Act, which provides that "[e]very person who has custody of a public record shall permit the record to be inspected and copied by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public records." § 119.07(1)(a), Fla. Stat. (2023). BCMS is a private company operating a hospital under a lease agreement with the Hospital Authority. *Baker Cnty. Press, Inc. v. Baker Cnty. Med. Servs., Inc.*, 870 So. 2d 189, 191–192 (Fla. 1st DCA 2004). The Hospital Authority, which was established by the Florida Legislature, owns the hospital and leased it to BCMS in 1993. *Id.* at 192.

BCMS, as a private entity leasing a public hospital, "is generally subject to the Public Records Act[.]" *Id.* at 193. But some records are exempt. The Legislature created an exemption under section 395.3036 for private entities leasing public hospitals. But the exemption applies only when three of five statutory criteria are met *and* the public lessor complies with the public finance accountability provisions of section 155.40(18). § 395.3036, Fla. Stat. (2023). Here, there is no dispute that three of five statutory criteria were satisfied. The only question is whether the public finance accountability provisions of section 155.40(18) were satisfied. That subsection provides:

> If a hospital operated by a for-profit or not-for-profit Florida entity receives annually more than $100,000 in revenues from the county, district, or municipality that owns the hospital, the Florida entity must be accountable to the county, district, or municipality with respect to the manner in which the funds are expended by either:
>
> (a) Having the revenues subject to annual appropriations by the county, district, or municipality; or
>
> (b) Where there is a contract to provide revenues to the hospital, the term of which is longer than 12 months, the governing board of the county, district, or municipality

4

> must be able to modify the contract upon 12 months' notice to the hospital.

§ 155.40(18), Fla. Stat. (2023).

Nothing in White's complaint or its attachments answer whether the public accountability provisions were satisfied. And because the application of the statutory exemption could not be determined from the four corners of the complaint, the trial court reversibly erred when it dismissed the complaint against BCMS.

Even so, BCMS argues that the trial court never had to settle whether the exemption applies because this court settled the question in *Baker County Press, Inc. v. Baker County Medical Services, Inc.*, 870 So. 2d 189 (Fla. 1st DCA 2004). Not so. There, this court specifically noted that the parties did not dispute whether BCMS satisfied the required statutory criteria for the exemption to apply. *See id.* at 193. Rather, the appellants argued only that section 395.3036 was facially unconstitutional under article I, section 24 of the Florida Constitution and *Halifax Hospital Medical Center v. News–Journal Corp.*, 724 So. 2d 567 (Fla. 1999). *See Baker*, 870 So. 2d at 193. And so, this court never addressed whether the public accountability provisions of section 155.40(18) had been satisfied. *Id.*

But even though the application of the statutory exemption cannot be determined from the four corners of the complaint and this court did not settle the question in its prior decision, the Hospital Authority nonetheless invites this court to reach the merits of its argument.[2] We must decline the invitation. "[T]he

---

[2] The Hospital Authority argues that compliance with section 155.40(18) was not required for application of the exemption under section 395.3036. It points out that the Legislature enacted section 155.40(18) after BCMS and the Hospital Authority executed the 1993 lease agreement and argues that the statute does not apply retroactively.

White responds that the plain language of section 155.40(18), suggests that the Legislature intended for the statute to apply to existing contracts:

5

cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further." *PDK Labs., Inc. v. U.S. Drug Enf't' Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring).

Because the trial court reversibly erred when it considered matters beyond the four corners of White's complaint, we reverse the order dismissing the complaint against BCMS and remand for further proceedings. We affirm the trial court's order dismissing the Hospital Authority.

AFFIRMED in part, REVERSED in part, and REMANDED.

RAY and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

John S. Mills and Jonathan A. Martin of Bishop Page & Mills, PLLC, Jacksonville, for Appellant.

Jason P. Del Rosso and Mary A. Norberg of Moran Kidd Lyons Johnson Garcia, P.A., Orlando, for Appellee Baker County Medical Services, Inc.

---

A not-for-profit entity that is subject to this subsection and does not currently comply with the accountability requirements in this subsection shall have 12 months after the effective date of this act to modify any contracts with the county, district, or municipality in a manner that is consistent with this subsection.

White then notes that the Hospital Authority and BCMS never modified the lease agreement to comply with section 155.40(18).

6

Bruce W. Robinson and Kellen G. Vincent of Robinson, Kennon, & Kendron, P.A., Lake City, for Appellee Baker County Hospital Authority.